SALLY BETTS, widow vs. HEZEKIAH MATTHEWS.

*A suit of dower abates by the death of the demandant, and cannot be prosecuted even for damages for detention of dower.*

SUMMONS in dower. Death of plaintiff suggested, and her administrator made a party; who prosecuted the suit for arrears.

*Layton*, for defendant, contended that the suit was abated by the death of the widow; not only as to dower, but as to arrears. By the death of a party, no suit *where the cause of action survives*, shall abate, &c. (*Const., art.* 6, § 18.) Actions of tort are not within this saving, but fall under the common law principle, actio personalis moritur, &c. (*Parke on Dower* 308-9; 1 *Cruise's Dig.* 17; *Tit. Dower, ch.* 4, § 41; 1 *Lev.* 38; 1 *Salk. Rep.* 252; 1 *Show. Rep.* 97, *S. C.;* 3 *Mod.* 282; 3 *Lev.* 275, *S. C.*)

The action of dower sounds in damages; it is for a tort; ex delicto, not ex contractu; goes for damages for wrongful detention. If the tenant die, pending the action for dower, the action abates; if the demandant die, pending action, the suit cannot proceed; and, even after judgment for dower, if she die, no remedy survives for the damages. Damages are no duty until assessed. (3 *Mod.* 282; 2 *Brown Ch. Cases* 629-32.)

*Houston.*—Damages for arrears of dower are recoverable only under the statute of Merton, which gives the action of scire facias for damages, after recovery of dower. Our own act, *Dig.* 164, gives damages for detention of dower, "in satisfaction of any demand on account of rents and profits," treating this as as a debt, and indeed, a favored demand in law. I see not why it should abate.

*Wootten.*—The right to damages for arrears of dower, is given by our act as expressly in the name and character of damages, as by the statute of Merton. It is a remedy for a tort sounding in damages, and as distinctly apart from any contract, as any other personal action which dies with the person. This is not a suit for rent, but for *damages* for a wrongful detention of dower.

*By the Court.*—This is a real action. It is a demand of the land; and the damages are a mere accident given by the act of assembly. It is not even a mixed action. It is purely a claim for the land. The damages for detention can in no case be recovered without recovery of the dower ; and as this is impossible after the death of the dowress, the damages fall with her death. Nonsuit granted.

*Houston,* for plaintiff.

*Wootten* and *Layton,* for defendant.